**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| KEVIN W. GEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| v. | ) | |
| | ) | **NO. _______________** |
| PEPSICO BEVERAGE SALES, LLC | ) | |
| d/b/a PEPSI BEVERAGE COMPANY | ) | **JURY TRIAL DEMANDED** |
| and d/b/a PC METRO BOTTLING, | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

COMES NOW Plaintiff Kevin W. Gee ("Plaintiff" or "Mr. Gee"), by and through undersigned counsel, and files this Complaint for Employment Discrimination and Retaliation against Defendant PepsiCo Beverage Sales, LLC d/b/a Pepsi Beverage Company and d/b/a PC Metro Bottling ("Defendant" or "Pepsi"), and respectfully shows the Court as follows:

## I. NATURE OF THE ACTION

1. This is a civil action for damages and equitable relief brought to redress unlawful employment practices committed by Defendant against Plaintiff in violation of: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); (b) the Civil Rights Act of 1866, 42 U.S.C. § 1981

("Section 1981"); (c) the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"); and (d) Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101 et seq. ("ADA").

2. Plaintiff, an African-American man with a qualifying physical disability who is over forty years of age, alleges that Defendant subjected him to disparate treatment, a hostile work environment, and unlawful retaliation because of his race, color, age, and disability, and because he engaged in protected activity, including the pursuit of a successful workers' compensation claim and the filing of a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

3. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages, prejudgment and post-judgment interest, attorneys' fees, expert fees, and costs of litigation.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4), 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 42 U.S.C. § 12117(a), because this action arises under the laws of the United States.

5. This Court has personal jurisdiction over Defendant because Defendant is registered to do business in the State of Georgia, transacts business in this judicial district, maintains facilities and employees in this judicial district, and committed the unlawful employment practices alleged herein within this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, the employment records relevant to the unlawful employment practices are maintained and administered in this judicial district, and Plaintiff would have continued to work in this judicial district but for the unlawful employment practices alleged herein.

7. Assignment to the Atlanta Division is proper because Defendant's registered office and registered agent is in Gwinnett County, Georgia, which lies within the Atlanta Division of the Northern District of Georgia under 28 U.S.C. § 90(a)(2).

## III. PARTIES

8. Plaintiff Kevin W. Gee is an adult African-American male citizen of the United States and a resident of Jackson County, Georgia. At all times relevant to this Complaint, Plaintiff was over forty (40) years of age and a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8).

9. Defendant PepsiCo Beverage Sales, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware and registered to transact business in the State of Georgia (Georgia Secretary of State Control Number 21272663). Defendant's principal office address is 700 Anderson Hill Road, Tax Department, Purchase, New York 10577. Defendant does business in the State of Georgia under the trade names "Pepsi Beverage Company" and "PC Metro Bottling," and operates facilities in Georgia including, without limitation, at 516 Pepsico Way, Commerce, Georgia 30529, and at 1644 Rock Mountain Boulevard, Stone Mountain, Georgia 30083. Defendant may be served with process through its registered agent in Georgia, C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046, Gwinnett County.

10. At all times relevant to this Complaint, Defendant was Plaintiff's "employer" within the meaning of Title VII (42 U.S.C. § 2000e(b)), the ADEA (29 U.S.C. § 630(b)), and the ADA (42 U.S.C. § 12111(5)), and employed more than fifteen (15) employees, and more than twenty (20) employees for purposes of the ADEA, for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

11. At all times relevant to this Complaint, Defendant was a "person" within the meaning of 42 U.S.C. § 1981.

## IV. ADMINISTRATIVE EXHAUSTION

12. Plaintiff timely filed a charge of discrimination against Defendant with the EEOC, designated as Charge No. 410-2025-05018, alleging discrimination on the basis of age, race, color, and disability, and unlawful retaliation.

13. Plaintiff timely filed an Amended Charge of Discrimination with the EEOC on or about September 8, 2025, expanding upon the allegations in the original charge and detailing additional acts of discrimination and retaliation occurring after the filing of the original charge. A true and correct copy of the Amended Charge of Discrimination is attached hereto as Exhibit A and incorporated herein by reference.

14. On February 25, 2026, the EEOC issued a Determination and Notice of Rights (the “Right-to-Sue Notice”) regarding Charge No. 410-2025-05018, advising Plaintiff of his right to file a civil action against Defendant in federal court within ninety (90) days of receipt of the notice. A true and correct copy of the Right-to-Sue Notice is attached hereto as Exhibit B and incorporated herein by reference.

15. This action is timely filed within ninety (90) days of Plaintiff’s receipt of the Right-to-Sue Notice.

16. Plaintiff has satisfied all administrative prerequisites and conditions precedent to the filing of this action.

17. Plaintiff's claims under 42 U.S.C. § 1981 do not require administrative exhaustion.

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment and Disability

18. Plaintiff Kevin W. Gee began his employment with Defendant on or about February 1, 2016, as a Geo Driver (also known as a Bulk Delivery Driver), responsible for the delivery of Pepsi products to commercial customers.

19. Plaintiff was at all relevant times a competent and qualified employee who satisfactorily performed the essential functions of his position, with or without reasonable accommodation.

20. Plaintiff was born in 1977 and was over the age of forty (40) at all times relevant to this Complaint, placing him within the protected class under the ADEA.

21. Plaintiff is African American, and his color is Black. Plaintiff is therefore within the protected classes for race and color under Title VII and Section 1981.

22. On or about July 22, 2022, while performing his job duties, Plaintiff sustained a work-related injury to his left shoulder when he was operating a lift gate on the back of his delivery truck. Plaintiff felt a "pop" in his shoulder accompanied by sharp pain, and he immediately reported the injury to his supervisor.

23. Plaintiff's left-shoulder injury required extensive medical treatment, including, on November 16, 2022, a left-shoulder arthroscopy with distal clavicle excision, subacromial decompression with acromioplasty, and limited debridement; and, on April 13, 2023, a left acromioclavicular joint reconstruction with graft.

24. Plaintiff's shoulder impairment substantially limits one or more major life activities, including, without limitation, lifting, reaching, pushing, pulling, performing manual tasks, and the operation of his musculoskeletal system, and constitutes a "disability" within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2.

25. Plaintiff's impairment also constitutes a "record of" a disability under 42 U.S.C. § 12102(1)(B), and Plaintiff was at all relevant times "regarded as" having a disability by Defendant within the meaning of 42 U.S.C. § 12102(1)(C).

26. Defendant was at all times aware of Plaintiff's disability and his record of disability.

**B. Plaintiff's Successful Workers' Compensation Claim**

27. Defendant and its workers' compensation insurer initially controverted Plaintiff's workers' compensation claim and refused to pay benefits to which Plaintiff was entitled.

28. On September 26, 2024, Administrative Law Judge William Cain of the Georgia State Board of Workers' Compensation issued an Award in Plaintiff's

favor, finding that Plaintiff sustained a compensable accident and injury arising out of and in the course of his employment on July 22, 2022, ordering Defendant's employer/insurer to pay weekly temporary total disability benefits at the rate of $725.00 per week for the time periods requested, and directing the employer/insurer to provide medical treatment for Plaintiff's left shoulder, including reimbursement to Plaintiff for sums he had paid out of pocket.

29. The Administrative Law Judge expressly found that Plaintiff was a credible witness and was not impeached.

30. Plaintiff's pursuit and successful prosecution of his workers' compensation claim, including his cooperation with the administrative hearing process, constituted activity related to and in connection with his disability and his rights under the ADA.

**C. Pattern of Disparate Treatment, Hostility, and Retaliation Following Plaintiff's Successful Workers' Compensation Award**

31. On August 2, 2024, immediately following Plaintiff's successful workers' compensation case against Defendant, the conditions of Plaintiff's work environment changed dramatically. Specifically, Plaintiff's supervisor, Steven Evans, Delivery Supervisor, began to target Plaintiff for unfair treatment because of Plaintiff's disability, his record of disability, and Plaintiff's assertion of his rights with respect to his disability.

32. On or about September 21, 2024, Plaintiff was assigned fewer work hours than he would normally have received. Instead of awarding the available hours to Plaintiff in accordance with seniority, as Defendant's policy and practice required, Defendant assigned the hours to a less-senior employee. Plaintiff was not given an opportunity to bid on the schedule before the less-senior individual.

33. On or about October 5, 2024 and October 19, 2024, Steven Evans again reduced Plaintiff's scheduled work hours and gave the hours to a less-senior employee, in violation of Defendant's seniority practices.

34. On or about November 11, 2024, Steven Evans wrote Plaintiff up. Mr. Evans subsequently threw the write-up in the trash because, on information and belief, he knew the write-up was not justifiable. The act of writing Plaintiff up was nonetheless intended to foster a precarious and malign workplace atmosphere, as well as threaten the creation of a record of pretextual discipline against Plaintiff.

35. On or about November 13, 2024, Steven Evans sent Plaintiff home from work without pay because Defendant attempted to assign Plaintiff a load on a 48-foot trailer, despite Defendant's knowledge that Plaintiff was qualified and authorized to drive only 40-foot trailers. The 48-foot assignment was a setup intended to manufacture a no-win situation for Plaintiff.

36. On or about November 18, 2024, Plaintiff's supervisor unilaterally changed Plaintiff's work schedule, removing Plaintiff's long-standing Friday off

day. Plaintiff had consistently been off on Fridays throughout his employment with Defendant.

**D. The Pretextual Coaching, Denial of Transfer, and Speak Up Complaint**

37. On or about January 9, 2025, Plaintiff received a "coaching" from Steven Evans (Coaching Form) for allegedly delivering chill product out of temperature range. The product at issue had not, in fact, been delivered to or accepted by the customer. Rather, the product was returned and destroyed in accordance with company protocol, and the customer did not pay for the product.

38. On or about January 29, 2025, Andrea Leon, Defendant's Human Resources Representative, informed Plaintiff that he was not approved for a transfer to another location because Plaintiff had received the January 9, 2025 coaching.

39. Plaintiff was singled out for the coaching to manufacture a pretextual justification for denying Plaintiff this requested transfer to another work location in what Plaintiff hoped would be a less toxic workplace environment.

40. Defendant's denial of Plaintiff's transfer based on the pretextual coaching deprived Plaintiff of opportunities for additional work hours, overtime, and continued employment in environments outside the supervision of Steven Evans.

41. After Plaintiff submitted a complaint to Defendant's internal "Speak Up" ethics line concerning the discriminatory and retaliatory treatment he was

receiving, the Speak Up representative informed Plaintiff that an unnamed member of management had stated that Plaintiff had "poor job performance" and "an attitude." These pretextual characterizations were inconsistent with Plaintiff's actual performance history and were used to justify the denial of Plaintiff's transfer and the continued reduction of his hours.

42. On or about February 1, 2025, Plaintiff appealed the January 9, 2025 coaching decision through Defendant's internal appeal process.

43. On or about February 20, 2025, Plaintiff was informed that he had lost the appeal.

**E. Continued Denial of Transfers and Cross-Location Work Opportunities**

44. On or about February 15, 2025, Plaintiff was not placed on the schedule at his home location in Maysville, Georgia. The Atlanta location scheduled Plaintiff to run a route for them. Once the Maysville location learned that the Atlanta location had scheduled Plaintiff, the Maysville location placed Plaintiff back on the Maysville schedule, signaling that Defendant's management was actively interfering with Plaintiff's ability to obtain work hours from other locations.

45. In or about March 2025, the Maysville supervisor permitted a less-senior employee to work at the Pepsi Augusta location while refusing to permit Plaintiff to work at the Pepsi Atlanta location.

46. On or about March 15, 2025, Plaintiff was scheduled to work at the Pepsi Atlanta location, but Defendant's management refused to allow Plaintiff to work in Atlanta and also failed to schedule him in Maysville. As a result, Plaintiff was unable to work at all that day and lost a full day's wages.

47. On or about March 21, 2025, a supervisor at the Pepsi Atlanta location informed Plaintiff that Atlanta wanted him to come work that Saturday, but the Maysville supervisor refused to respond to Atlanta's request for permission, and Plaintiff was again unable to work that day.

48. Plaintiff was repeatedly denied opportunities for extra time and work at other locations because of his prior workers' compensation complaint, his disability, and his prior protected activity, while similarly situated employees, who, on information and belief were outside of Plaintiff's protected classes, were freely permitted to work at other locations. Defendant offered no legitimate reason for the disparate treatment.

**F. Filing of EEOC Charge and Continued Retaliation**

49. Plaintiff filed his initial Charge of Discrimination with the EEOC, EEOC Charge No. 410-2025-05018, alleging discrimination on the basis of age, race, color, and disability, and retaliation.

50. After Plaintiff filed his initial EEOC charge, Defendant escalated its retaliation against Plaintiff.

51. On June 5, 2025 and June 12, 2025, Plaintiff was assigned loads on his delivery truck that were unsecured. As a direct and proximate result of being assigned unsecured loads, Plaintiff suffered further injuries to his shoulder.

52. On or about July 11, 2025, Plaintiff was required to lift heavy loads without proper equipment or assistant support, in disregard of his known disability and physical limitations.

53. On or about August 15, 2025, Plaintiff was instructed to take the upcoming Saturday, August 16, 2025, off, despite Plaintiff's desire and availability to work overtime that day. The directive to take the Saturday off was not based on operational need but, rather, was issued for the purpose of denying Plaintiff overtime in retaliation for his protected activity. Plaintiff was simultaneously denied overtime in his regular position, negatively impacting his income.

54. On or about August 20, 2025, Plaintiff arrived at work to find that there was no tractor under his trailer and no hand truck on the trailer. Defendant's failure to provide proper equipment exacerbated Plaintiff's shoulder injury and constituted a further act of retaliation and disability-based hostility.

55. On or about August 29, 2025, on a work-related group text message, Plaintiff was referred to as part of "The disability crew lol Special ones." Plaintiff was the only employee on the group text who had a disability. Plaintiff was singled

out and ridiculed in front of his coworkers because of his disability, demonstrating the depth of disability-based animus and harassment in Defendant's workplace.

56. On or about September 8, 2025, Plaintiff filed an Amended Charge of Discrimination with the EEOC documenting the additional acts of discrimination and retaliation.

**G. Disparate Treatment and Comparators**

57. On information and belief, at all times relevant to this Complaint, similarly situated employees outside of Plaintiff's protected classes (namely, employees who were younger than 40, non-disabled, non-African-American, and/or had not engaged in protected activity) were treated more favorably than Plaintiff with respect to scheduling, allocation of work hours, overtime, transfer opportunities, cross-location work, equipment provided, discipline, and the use of seniority.

58. Defendant's proffered reasons for its adverse actions against Plaintiff are pretextual, false, and unworthy of credence.

**H. Damages**

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, lost wages, lost overtime, lost benefits, and other economic losses, as well as emotional distress, mental anguish,

humiliation, embarrassment, loss of enjoyment of life, inconvenience, damage to professional reputation, and other non-economic injuries.

60. Defendant's unlawful actions were intentional, willful, malicious, and undertaken with reckless disregard for Plaintiff's federally protected rights, entitling Plaintiff to punitive damages under Title VII, Section 1981, and the ADA, and to liquidated damages under the ADEA.

## COUNT I

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

## (42 U.S.C. § 2000e et seq.)

61. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

62. Plaintiff is African American and is a member of a protected class under Title VII.

63. Plaintiff was qualified for and satisfactorily performing the essential functions of his position.

64. Defendant subjected Plaintiff to adverse employment actions because of his race, including, without limitation, the reduction of work hours, denial of overtime, pretextual write-ups and coachings, denial of transfer requests, denial of

cross-location work opportunities, schedule manipulation, and the assignment of unsafe equipment and loads.

65. On information and belief, similarly situated non-African-American employees were treated more favorably than Plaintiff.

66. Defendant's discriminatory conduct violated Title VII, 42 U.S.C. § 2000e-2(a).

67. As a direct and proximate result of Defendant's unlawful race discrimination, Plaintiff has suffered economic losses, emotional distress, and other damages as set forth herein.

68. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages under 42 U.S.C. § 1981a.

## COUNT II

## COLOR DISCRIMINATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000e et seq.)

69. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

70. Plaintiff is Black in color and is a member of a protected class under Title VII.

71. Defendant subjected Plaintiff to adverse employment actions because of his color, including, without limitation, the reduction of work hours, denial of overtime, pretextual coaching, denial of transfer requests, denial of cross-location work opportunities, and other actions described herein.

72. On information and belief, similarly situated employees of a different color were treated more favorably than Plaintiff.

73. Defendant is liable for the discriminatory conduct violated Title VII, 42 U.S.C. § 2000e-2(a).

74. As a direct and proximate result of Defendant's unlawful color discrimination, Plaintiff has suffered economic losses, emotional distress, and other damages as set forth herein, and is entitled to compensatory and punitive damages under 42 U.S.C. § 1981a.

## COUNT III

## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

75. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

76. Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, guarantees all persons within the jurisdiction of the United States the same right to make and enforce contracts as is enjoyed by white citizens, including the making,

performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

77. Plaintiff and Defendant entered into and maintained an at-will employment contract.

78. Defendant intentionally interfered with Plaintiff's employment contract and the benefits, privileges, terms, and conditions thereof on the basis of Plaintiff's race, including by denying him equal terms and conditions of employment, denying him equal access to work hours, overtime, transfers, and cross-location work opportunities, and by subjecting him to harassment and pretextual discipline.

79. Defendant's conduct violated 42 U.S.C. § 1981.

80. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless disregard for Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages.

## COUNT IV

## AGE DISCRIMINATION IN VIOLATION OF THE ADEA (29 U.S.C. § 621 et seq.)

81. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

82. Plaintiff was at all relevant times over the age of forty (40) and was within the class of persons protected by the ADEA, 29 U.S.C. § 631(a).

83. Plaintiff was qualified for and satisfactorily performing the essential functions of his position.

84. Defendant subjected Plaintiff to adverse employment actions because of his age, including, without limitation, the reduction of work hours, denial of overtime, schedule manipulation that disregarded seniority, pretextual coaching, denial of transfer requests, and denial of cross-location work opportunities, with substantially younger employees receiving more favorable treatment in each respect.

85. Plaintiff's age was the but-for cause of Defendant's adverse employment actions against him.

86. Defendant's conduct violated the ADEA, 29 U.S.C. § 623(a).

87. Defendant's violations of the ADEA were willful within the meaning of 29 U.S.C. § 626(b), entitling Plaintiff to liquidated damages in an amount equal to his unpaid back wages and benefits.

## COUNT V

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
## (42 U.S.C. § 12101 et seq.)

88. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

89. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8) and 42 U.S.C. § 12102, in that he has a physical impairment

that substantially limits one or more major life activities, has a record of such an impairment, and was regarded by Defendant as having such an impairment.

90. Plaintiff was able to perform the essential functions of his position with or without reasonable accommodation.

91. Defendant was at all times aware of Plaintiff's disability and his record of disability.

92. Defendant subjected Plaintiff to adverse employment actions because of his disability, his record of disability, and because Defendant regarded him as having a disability, including, without limitation, the reduction of work hours, denial of overtime, denial of transfer requests, denial of cross-location work opportunities, the assignment of unsecured loads, the failure to provide proper equipment, and the assignment of physically demanding work without assistant support.

93. Defendant's is the proximate cause of the harm to Plaintiff and Defendant is liable for violating the ADA, 42 U.S.C. § 12112(a).

94. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1981a.

## COUNT VI

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII, SECTION 1981, THE ADEA, AND THE ADA

95. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

96. Plaintiff was subjected to unwelcome harassment based on his race, color, age, and disability, including, without limitation, repeated and continuing conduct by his supervisor and coworkers consisting of disparate scheduling, the public ridicule of Plaintiff in a work-related group text message as part of "The disability crew lol Special ones," singled-out enforcement of pretextual rules, the assignment of unsafe and physically dangerous work and equipment, the deliberate withholding of equipment necessary for Plaintiff to perform his work, and the orchestrated denial of opportunities for transfer and cross-location work.

97. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create a work environment that a reasonable person would find hostile and abusive, and that Plaintiff did, in fact, find hostile and abusive.

98. The harassment was committed by Plaintiff's supervisor and other agents of Defendant acting within the scope of their employment, and Defendant knew or should have known of the harassment but failed to take prompt and effective remedial action.

99. Defendant's conduct violated Title VII, Section 1981, the ADEA, and the ADA.

100. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic losses, emotional distress, and other damages as set forth herein, and is entitled to compensatory and punitive damages, and to liquidated damages under the ADEA.

## COUNT VII

## RETALIATION IN VIOLATION OF TITLE VII
## (42 U.S.C. § 2000e-3(a))

101. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

102. Plaintiff engaged in protected activity within the meaning of Title VII, including, without limitation, by filing internal Speak Up complaints, by appealing the pretextual coaching, and by filing his original and amended charges of discrimination with the EEOC.

103. Defendant knew of Plaintiff's protected activity.

104. Defendant subjected Plaintiff to materially adverse employment actions following his protected activity, including, without limitation, the reduction of work hours, denial of overtime, denial of transfer requests, denial of cross-location work opportunities, schedule manipulation, the assignment of unsecured loads and unsafe

equipment, the public ridicule of Plaintiff in the August 29, 2025 group text, and the failure to provide proper equipment.

105. There is a causal connection between Plaintiff's protected activity and the materially adverse employment actions taken against him.

106. Defendant's conduct violated Title VII, 42 U.S.C. § 2000e-3(a).

107. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1981a.

## COUNT VIII
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

108. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

109. Plaintiff engaged in protected activity by, inter alia, opposing race discrimination through his internal complaints, his EEOC charges, and his appeal of the pretextual coaching.

110. Defendant retaliated against Plaintiff for his protected activity by subjecting him to the adverse employment actions described herein.

111. Defendant's retaliation violated 42 U.S.C. § 1981.

112. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless disregard for Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages.

## COUNT IX

### RETALIATION IN VIOLATION OF THE ADEA
### (29 U.S.C. § 623(d))

113. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

114. Plaintiff engaged in protected activity within the meaning of the ADEA by opposing age discrimination and by filing his original and amended charges of discrimination with the EEOC.

115. Defendant retaliated against Plaintiff for his protected activity by subjecting him to the materially adverse employment actions described herein.

116. Defendant's conduct violated the ADEA, 29 U.S.C. § 623(d).

117. Defendant's violation of the ADEA was willful within the meaning of 29 U.S.C. § 626(b), entitling Plaintiff to liquidated damages.

## COUNT X

### RETALIATION IN VIOLATION OF THE ADA
### (42 U.S.C. § 12203)

118. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

119. Plaintiff engaged in protected activity within the meaning of the ADA by, inter alia, asserting his rights to be free from disability discrimination, opposing disability-based harassment, pursuing and prosecuting his workers' compensation

claim arising from his disability-related injury, filing internal Speak Up complaints concerning his treatment, and filing his original and amended charges of discrimination with the EEOC.

120. Defendant knew of Plaintiff's protected activity.

121. Defendant retaliated against Plaintiff for his protected activity by subjecting him to materially adverse employment actions, including the reduction of work hours, the denial of overtime, the denial of transfers, the denial of cross-location work opportunities, the assignment of unsecured loads and unsafe work, the public ridicule of Plaintiff's disability in the August 29, 2025 group text, and the failure to provide proper equipment.

122. Defendant's conduct violated 42 U.S.C. § 12203.

123. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to compensatory and punitive damages under 42 U.S.C. § 1981a.

**COUNT XI**

**ATTORNEY'S FEES AND EXPENSE OF LITIGATION- O.C.G.A. § 13-6-11**

124. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

125. As shown by the above, Defendant have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff undue trouble and expense.

126. Plaintiff seeks attorneys' fees and expenses under O.C.G.A. § 13-6-11 based on Defendant's bad faith, stubborn litigiousness, and unnecessary trouble and expense caused to Plaintiff. Plaintiff recognizes such relief is ancillary and recoverable only if Plaintiff prevails on an underlying claim.

127. Plaintiff is entitled to recover expenses of litigation, including reasonable attorneys' fees, under O.C.G.A. § 13-6-11.

## COUNT XII

### PUNITIVE DAMAGES – All Applicable Aforementioned Counts

129. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

130. Defendant engaged in intentional willful misconduct when they consistently denied Plaintiff work opportunities and, instead, granted those opportunities to non-African Americans with less seniority that Plaintiff.

131. Defendant acted with specific intent to injure Plaintiff because Defendants knowingly and maliciously denied Plaintiff the opportunity to work at a separate location to avoid the hostile work environment the current location created.

132. Defendant's actions show willful misconduct.

133. Defendant made false representations and suspended Plaintiff with the purpose of harming Plaintiff and damaging Plaintiff's reputation.

134. Defendant acted with the knowledge that harm was likely to result from Defendant's willful misconduct.

135. Defendant acted with reckless disregard for the consequences of their willful misconduct.

136. Plaintiff is entitled to punitive damages as applicable on the aforementioned Counts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kevin W. Gee respectfully prays that this Court enter judgment in his favor and against Defendant PepsiCo Beverage Sales, LLC d/b/a Pepsi Beverage Company and d/b/a PC Metro Bottling, and grant the following relief:

(a) Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by Title VII, Section 1981, the ADEA, and the ADA;

(b) Issue a permanent injunction enjoining Defendant, its officers, agents, employees, and successors from further engaging in unlawful employment practices in violation of Title VII, Section 1981, the ADEA, and the ADA, and ordering such affirmative action as may be appropriate to make Plaintiff whole and to ensure that the unlawful practices do not recur;

(c) Award Plaintiff front pay;

(d) Award Plaintiff back pay, including lost wages, lost overtime, lost benefits, lost bonuses, and other economic losses, plus prejudgment and post-judgment interest thereon;

(e) Award Plaintiff compensatory damages for emotional distress, mental anguish, humiliation, embarrassment, loss of enjoyment of life, inconvenience, damage to professional reputation, and other non-economic injuries, in an amount to be determined by the jury;

(f) Award Plaintiff punitive damages under Title VII, Section 1981, and the ADA in an amount sufficient to punish Defendant and to deter Defendant and others similarly situated from engaging in similar conduct in the future;

(g) Award Plaintiff liquidated damages under the ADEA in an amount equal to his unpaid back wages and benefits;

(h) Award Plaintiff his reasonable attorneys' fees, expert witness fees, and costs of litigation pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, 29 U.S.C. § 626(b), and 42 U.S.C. § 12205;

(i) Award Plaintiff prejudgment and post-judgment interest at the maximum rate permitted by law; and

(j) Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Kevin W. Gee hereby demands a TRIAL BY JURY on all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution.

## LIST OF EXHIBITS

Exhibit A: Amended Charge of Discrimination, EEOC Charge No. 410-2025-05018 (filed September 8, 2025)

Exhibit B: EEOC Determination and Notice of Rights (Notice of Right to Sue) dated February 25, 2026

**Respectfully submitted, this 13 day of May 2026.**

**HAIGLER & ASSOCIATES**

**Attorney for Plaintiff**

*/s/ Ashanti Armstrong*_______________
Ashanti Armstrong, Esq.
(Georgia Bar No. 878516)
Haigler & Associates,
by J.A.S. Legal Firm, LLC
400 Galleria Parkway, SE Suite 1500
Atlanta, Georgia 30339
Phone Number: (813) 392-9012
Email: armstrong@haigler-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the **COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION** via private process server to insure delivery upon:

PepsiCo Beverage Sales, LLC
C T Corporation System,
289 S. Culver Street
Lawrenceville, Georgia 30046
Gwinnett County
*Defendant*

This 13th day of May 2026.

**HAIGLER & ASSOCIATES**

**Attorney for Plaintiff**

*/s/ Ashanti Armstrong*________________
Ashanti Armstrong, Esq.
(Georgia Bar No. 878516)
Haigler & Associates,
by J.A.S. Legal Firm, LLC
400 Galleria Parkway, SE Suite 1500
Atlanta, Georgia 30339
Phone Number: (813) 392-9012
Email: armstrong@haigler-firm.com